IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  pending - new motion

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:01 am, Jan 14, 2021
JEFFREY P. COLWELL, CLERK

Dana Morris-Blake and Kenyatta Blake, Plaintiff

v.

Apple Valley East Condominium Association, Inc.,

Defendant

Moeller Graf, PC,

Co-Defendant

## COMPLAINT

**A.     PLAINTIFFS INFORMATION**

Dana Morris-Blake and Kenyatta Blake
91 Newark Street, Unit D, Aurora, CO  80012

Telephone number: 720-525-7037.  Email Address:  dmbauthor@gmail.com

**B.     DEFENDANT(S) INFORMATION**

Defendant 1:   Apple Valley East Condominium Association, Inc., hereinafter referred to as "AVE"
3190 S. Vaughn Way, Suite 550, Aurora, CO  80012

Telephone number:  720-571-1440, No email address known.

Defendant 2:   Moeller Graf, PC, hereinafter referred to as "MG"
385 Inverness Parkway, Suite 200, Englewood, CO  80112

Telephone number:  720-279-2568, No company email address known.

C. **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

    List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

1. US Bankruptcy Code - Section 524 of Title 11 of the United States Code
2. Federal Fair Debt Collections Practice Act of the Federal Trade Commission
3. The Right to Privacy under the 4th Amendment of the Constitution of the United States
4. The Protection Against Illegal Search and Seizures under the 4th Amendment of the Constitution of the United States
5. Threatening under the 4th Amendment of the Constitution of the United States
6. The Right to Due Process under the 14th Amendment of the Constitution of the United States
7. The Inalienable Rights of the Declaration of Independence
8. Colorado Rules of Professional Conduct as Adopted by the US District Court of Colorado.
9. Federal False Statement Statute

N/A   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**D.     STATEMENT OF CLAIM(S)**

CLAIM ONE:

Supporting facts.

The actions and proceedings of the defendants in their attempt to illegally seize and foreclose via Sheriff's sale on our property located at 91 Newark Street, Unit D, Aurora, CO 80012 through illegal collection of debt discharged in Chapter 7 Bankruptcy Case No. 18-14724-MER are illegal.  See Exhibit ECF No. 1, No. 1-1, No. 1-2, and No. 1-3.

This urgent/emergent preliminary injunction motion is consistent with US Bankruptcy Code Section 524 of Title 11 of the United States Code.  This is a bankruptcy code which states that a discharge, "operates as an injunction against the commencement or continuation of an action, the employment process, or an act."  An injunction under the terms of a bankruptcy is a legal term used which means that no one can take any action against a consumer regarding a discharged debt.  Per the law, this includes the filing of any lawsuit attempting to collect a debt discharged in bankruptcy.  Doing so is a violation of a Federal Judge's order.  If it is listed in bankruptcy and recorded in discharge, the consumer is no longer liable for the debt.  This law prohibits AVE and MG from attempting to seize our home based on assessments which existed pre-petition and were discharged in bankruptcy.  In filing of the request for Sheriff's sale, the amount referenced as owed is the amount actually discharged in bankruptcy.  See Exhibit ECF No. 10, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, and 10-7.

Foreclosure action is only justified in the event of either delinquency of a mortgage with a bank/lender or delinquency of dues and assessments of an HOA.  We are not delinquent in dues or assessments with AVE and have not been since December, 2019.  We are not delinquent in our mortgage with Flagstar Bank.  A Sheriff's sale of any property due to foreclosure is only

valid in the event of delinquent HOA dues/assessments or default on mortgage. See Exhibit ECF No. 14, No. 14-1, No. 15, No. 17, No. 17-1, No. 17-2, and No. 17-3.

In fact, upon satisfying payment to eliminate our delinquency in December, 2019, we received an email from David Parker of Moeller & Graf officially acknowledging that collections have been fulfilled. In addition, Moeller & Graf filed a Satisfaction of Judgment with Arapahoe County Court on April 6, 2020 further acknowledging the same. Beyond May 31, 2018 upon filing of our Chapter 7 Bankruptcy, there are no assessments or statutory liens noted in the said amount involving the summons in any correspondence or ledgers. See Exhibit ECF No. 2, No. 3, No. 5, No. 6, No. 7, No. 8, and No. 13.

Due to these facts, the following holds true:

AVE cannot claim a "Super Lien." Colorado HOA law states that a super lien can only be imposed for assessments due within six months of the filing of the foreclosure action. We have had no delinquencies of dues or assessments for the entire year and definitely not over the six months prior to their filing of foreclosure. Per Colo.Rev.Stat § 38-33.3-316(2)(b), "In Colorado, an HOA gets a super lien in an amount equal to the common expense assessments which would have come due during a six-month perior before the HOA or a lender with a senior lien starts a foreclosure action." This means that AVE has a super lien amount of zero. The amount referenced in the summons is an amount due prior to filing bankruptcy on 5/31/18.

This is a blatant criminal attempt to take illegal possession of our property. An attempt to illegally take possession of someone's property constitutes Attempted Theft. Attempted theft is a criminal act and punishable by law.

4

CLAIM TWO:

Supporting facts.

Their claim of having carried a statutory lien since the time of our filing of bankruptcy is illegal, null, and void for the following reasons:

- Under US Bankruptcy Code, only a secured lien can be enforceable after bankruptcy discharge. This lien in question is not secured as it does not involve any type of mortgage, personal loan, credit card, or other line of credit. AVE has no ownership of the property of any type and the claimed amount referenced in the summons is no longer owed as per bankruptcy discharge.

- AVE is listed in our bankruptcy discharge. See Exhibit ECF No. 1. The said amount contained in the Summons is a pre-petition amount discharged in bankruptcy. As per Section 524 of Title 11 of the United States Code, we are not liable for debts discharged in bankruptcy. Their attempt to take illegal possession of our home using that pre-petition assessment as a basis for their illegal action is a US Bankruptcy Code violation and violation of a Federal Judge's Order.

- Furthermore, Bejar Ahmehti appeared before the Bankruptcy Court in July, 2018. As per the document which we received, he presented as appearing on behalf of AVE referencing AVE as a "secured creditor." He perjured himself before the US Bankruptcy Court. AVE is not a "secured creditor." A "secured creditor" is defined as "any creditor or vendor with issuance of a credit product that is backed by collateral…" (www.investopedia.com). The amount in question does not involve mortgage or personal loans, credit cards, financial products, or other lines of credit. Having made such a false representation of AVE being a "secured creditor," Mr. Ahmeti has violated the Federal

5

False Statement Statute 18 U.S.C. Section 1001. In addition, he has violated the Federal Debt Collections Practice Act of 15 U.S.C. Section 1692; which prohibits "intrusive or deceptive practices when collecting debts."

- On the day of our bankruptcy discharge proceedings, we were advised by the Clerk that Moeller Graf, PC filed a motion to stop proceedings. He told us that this was denied because they did not respond timely. We have no physical evidence of this other than their listing in the bankruptcy discharge exhibiting such a denial of a motion.
- The so-called statutory lien is deemed an "eliminated and avoided" debt as per bankruptcy guidelines. In fact, Bejar Ahmehti himself received the bankruptcy discharge electronically, is well-aware, and has been well-aware. In addition, per US Bankruptcy code, the discharge not only constitutes a permanent statutory injunction, but also prohibits creditors from taking other actions including the filing of a lawsuit designed to collect a discharge debt. These actions are illegal. They were designed to illegally collect a debt discharged in bankruptcy in an attempt to take illegal possession of our home in the process based on that debt discharged in bankruptcy. They filed a lawsuit to attempt to illegally collect a debt discharged in bankruptcy.
- Furthermore, MG has perjured and contradicted itself. In a letter dated December 4, 2018, MG actually acknowledged that we not only successfully filed Chapter 7 Bankruptcy, but also that we are not responsible for amounts due prior to May 31, 2018 when we filed. The second paragraph of the letter states and we do quote, "Although you have successfully completed your Chapter 7 Bankruptcy, you remain liable for all amounts that came due after the date you filed your Chapter 7 Bankruptcy, May 31, 2018.

6

See 11 U.S.C. § 523 (a)(16)." MG, in this letter, has acknowledged that we are no longer liable for that pre-petition assessment amount in the Summons.

- Despite this acknowledgement, they perjured themselves by claiming in the Summons that we filed bankruptcy on 6/1/18. They have both contradicted and perjured themselves by claiming that the Pre-Petition Lien that was not discharged when they were listed in bankruptcy discharge. Again, earlier acknowledgement in their letter to us dated December 4, 2018 declares this later claim null and void in addition to lack of recording of the same in future property ledgers and correspondence after May 31, 2018.

CLAIM THREE:

Supporting facts

Both AVE and MG have violated the Fair Debt Collections Practices Act (FDCPA); which is overseen by The Federal Trade Commission. Despite acting as an Attorney representing AVE, MG has been hired by AVE for debt collection. As per the FDCPA, MG is considered a debt collector as they are involved in debt collection. As a debt collector, MG is bound by FDCPA rule. In the case of Fuller v. Becker & Poliakoff, 192 F Supp. 2d 1361 (CMC Fla. 2002), the court held that homeowner association attorneys who "regularly collect or attempt to collect debts are debt collectors for the purposes of FDCPA." Therefore, attorneys who regularly engage in collection activities on behalf of homeowners associations are "debt collectors" subject to the requirements of the FDCPA. Furthermore, under 15 USC § 1692a(6), AVE is considered to be a debt collector under its exceptions. A creditor, "who, in the process of collecting his own debts, uses any name other than his own which would indicate a third person is collecting or attempting to collect such debts, may be considered a "debt collector" under the FDCPA. This deems AVE subject to the requirements of FDCPA as well. AVE is collecting a

7

debt using a third party and under the name of that party. This deems AVE a debt collector as per that section of the Act and equally responsible for these violations of debt collection practices.

FDCPA prohibits debt collectors from using intrusive or deceptive practice when collecting debts. Both AVE and MG have used their action to attempt to seize our property as a way to illegally collect this debt which has been discharged in bankruptcy. In the process, they are calling it a "pre-petition lien" with the underlying purpose of attempting to take illegal possession of our property. This is evident as per 15 U.S.C. § 1692 and the following:

- That statute prohibits them from attempting to collect any amount not authorized by law. This debt was discharged in bankruptcy with collection prohibited as per the permanent injunction imposed by US Bankruptcy code. This collection is not authorized by law.
- Cannot threaten suit, garnishment, or seizure of property without legal ability to do so. Again, this debt was discharged in bankruptcy with collection prohibited as the permanent injunction imposed by US Bankruptcy code. We legally do not owe them anything as per the permanent injunction which deems this action illegal; no legal ability to act as they have.
- Cannot report or threaten to report false credit information. The summons filed contained false information as the $8,020.40 amount was discharged in bankruptcy despite claims that we still owe. AVE and MG were notified and well-aware of the bankruptcy discharge
- It is required that a notice of collection be sent to debtors advising them of pending action. We did not receive a notice of collection of the pre-petition amount allowing us the 30-day required time to respond. AVE signed the resolution on August 17, 2020. Moeller Graf PC sent the Notice of Judicial foreclosure on September 3, 2020. Joshua

Myers of Moeller Graf signed a commencement of action which included the foreclosure action and filed it with the court on September 24, 2020. This is a 21-day time period. We were served a summons with the resolution and commencement of action on October 12, 2020. Neither AVE nor MG in their collection efforts sent any notices to us prior to these foreclosure activities as required per the following: 15 USC § 1692(11), 15 USC § 1692(a)(1), 15 USC §1692 g(a)(2), 15 USC § 1692g(a)(3), 15 USC §1692g(a)(4), and 15 USC § 1692g(a)(5).

- It is prohibited to discuss debt with third parties without the consent of debtors. The summons shows three other parties included in this effort. This is a completely illegal effort. Thus, this action of including third parties is a violation of this Act.
- They are prohibited from making false representations about the character and legal status of the debt. This debt is not secured despite Bujar Ahmeti presented AVE to the US Bankruptcy Court in July, 2018 as a secured creditor. It does not involve any type of issuance of a credit product backed by collateral. There was also false representation in the Summons with the claim of our filing bankruptcy on 6/1/18 when we actually filed on 5/31/18.
- The language of both the Summons submitted by Joshua Myers and Bejar Ahmeti and the Notice of Judicial Foreclosure submitted by Joshua Myers attempt to overshadow and deny our rights. This is a violation of the "Least Sophisticated Consumer" standard of the FDCPA. AVE and MG have also violated this standard in their blatant attempt to overshadow and take away our rights under the US Bankruptcy code. The attempt of both MG and AVE to disguise their collection of the discharged debt while at the same

time attempting to take illegal possession of our property is also a violation of the "Least Sophisticated Consumer" standard of the FDCPA per 15 USC § 1692e.

- The harassing emails from J. Christian Webert also known as "Christian Webert" per correspondence are a violation of the "Least Sophisticated Consumer" standard. We were being pressured to state "how (we) intend to proceed with our Verification of Rule 120 response. However, according to the Verification of Rule 120 rules, a Judge must review our response under that rule and make a decision. This action was still pending at the time of the harassing emails as no ruling had been made at that time. They attempted once again to overshadow our rights.

- MG and AVE have violated FDCPA under Section 808 (6)(A) "Unfair practices." "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: there is no present right to possession of the property claimed as collateral through an enforceable security interest." They have violated this rule by involving other defendants who have no enforceable security interest. They involved other entities through which we have no enforceable security interest issues or problems.

- MG and AVE have violated FDCPA under Section 809 (b) "Validation of Debts." They violated this rule by failing to provide notice of the disputed debt with a 30-day period to respond before any action. They are required to do this prior to any action for any disputed debt. We were not afforded the opportunity to dispute their claim prior to any foreclosure action being initiated.

- MG and AVE have violated FDCPA under "Communication with Third Parties" This section allows such communication "…as reasonably necessary to effectuate a post-judgment judicial remedy." However, because they were aware of the amount being

discharged in bankruptcy with collection prohibited, their action to include third parties is a violation. It isn't justified because their action alone is illegal and prohibited.

- MG and AVE have violated FDCPA under (d) Legal Pleadings. A communication in the form of a pleading in a civil action shall not be treated as an initial communication for the purposes of subsection (a). Their violation lies in their failure to follow the prior notification procedure.

- MG has violated FDCPA under Section 811 (a) (1)- "Legal Actions By Debt Collectors - Venue." "in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a Judicial district or similar entity in which such real property is located." They did use the proper venue, but their action taken in that venue was illegal as they were aware of the debt being discharged in bankruptcy with a permanent injunction. There was no consumer obligation justifying their action as we were no longer responsible for that debt.

- MG was officially notified of the bankruptcy discharge and well-aware of the listing of AVE. Despite both parties being made aware of AVE being listed and included in the discharge, AVE and MG still proceeded with illegal debt collection practice involving the criminal activity of attempting to take illegal possession of our home based on the amount discharged in bankruptcy.

CLAIM FOUR:

Supporting facts:

In addition, in the midst of their illegal actions, MG has violated multiple Colorado Rules of Professional Conduct for Attorneys. The US District Court for the District of Colorado adopts the Colorado Rules of Professional Conduct for Attorneys. These violations are as follows:

11

1. As per "Client-Lawyer Relationship"- "A lawyer shall not counsel to engage, or assist a client in **conduct that the lawyer knows is criminal or fraudulent**, but a lawyer may discuss the legal consequences of any proposed cause of conduct with a client and may counsel or assist a client to make good faith effort to determine the validity, scope, meaning, or application of law."
    a. Not only was MG notified of our bankruptcy discharge and made aware of AVE being included in that discharge, MG also acknowledged that that discharge was successful. Knowing that this action was "criminal and fraudulent," MG proceeded with illegal debt collection actions violating the Bankruptcy Code and the Federal Judge's order. They cannot claim to have been simply helping or assisting a client. For the purposes of the FDCPA, despite being an attorney and because they engaged in the debt collection practices, MG is considered a debt collector and bound by the fair debt collection laws.
    Clearly, MG has been assisting AVE with and engaging in criminal and fraudulent activity breaking the law themselves.
2. As per "Client-Lawyer Relationship" - under "Competence" and "Thoroughness and Preparation - Competent Handling" respectively - "A lawyer can provide adequate representation in a wholly novel field through necessary study" and "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem"
    a. MG cannot claim having limited knowledge of the factual and legal elements as they could have engaged in their own study of US Bankruptcy code and FDCPA. Even if MG had not performed their own study, they were advised upon being

    served our response to their Colorado 18th Judicial Court summons under Verification of Rule 120, which contained detailed information nearly mirroring the information contained in this very motion.  Nonetheless, they continued with their illegal collection efforts well aware of our desire for them to cease and desist.  We received an email from Christian Webert; engaged in persistent illegal collection efforts even as our response had not yet been reviewed by Judge Martinez.

3. As per "Safekeeping Property" - under "General duties of lawyers regarding property of clients and third parties."
    a. MG cannot claim to have been safeguarding property.  As per Colo. RPC, they safeguard property which belongs to their client.  **They were attempting to take illegal possession of property for their client as the property does not belong to them and they have no right to the property because their said lien is null and void as per that amount being discharged in bankruptcy.**  Again, this is something that MG was well aware of as documented.  Their client had no grounds for seeking foreclosure as legally we are not in default of any dues or assessments.  This is also something which MG acknowledged as per email communication advising us that we were cleared of any judgments as of 12/2019; also reflected in court documents which they filed.
4. Under Colorado R.P.C. Rule 2.4 "Lawyer serving as Third Party Neutral."  This doesn't apply.  As per email from Christian Webert, a.k.a. J. Christian Webert, the firm was actively involved in collection of the debt discharged in bankruptcy.  They are not neutral as they are assisting their client in criminal and fraudulent activity violating multiple

13

Federal, civil, and Constitutional laws. All parties were well aware of our successful Chapter 7 Bankruptcy.

5. Under Colorado R.P.C. Rule for "Advocate" (d). There was a violation of "Fairness to Opposing Party and Counsel." **"in pre-trial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."** There was noncompliance with this rule with the continued efforts to collect while the Judge's review of our Verification of Rule 120 response was still pending. This was unfair as the due process had not been honored.

6. Under Colorado R.PC. Rule for "Advocate" Rule 3.1 "Meritorious claims and contentions" **"A lawyer shall not bring or defend a proceeding, or assert or convert an issue therein unless there is a basis in law and fact for doing so that is not frivolous…"** Their debt collection action is frivolous and void of any basis in law and fact for doing so. The debt was discharged in bankruptcy with both MG and AVE well aware. The letter dated 12/4/18 from MG contained verbiage acknowledging the successful Chapter 7 Bankruptcy discharge. This filing of a lawsuit to collect a discharged debt and take illegal possession of our home in the process is frivolous. See Exhibit ECF No. 5.

CLAIM FIVE:

Supporting facts:

In addition, this foreclosure action, illegal collection of debt, and criminal attempt to take illegal possession of our home is a blatant violation of our Constitutional rights as Citizens of the United States of America and with multiple counts:

- Embarking upon an obvious investigation and involving third parties is a direct violation of privacy. As per the 4th Amendment of the Constitution of the United States of America, we have a right to privacy. The right to privacy is part of the Fourth Amendment to the **US Constitution**, which states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." Their action to involve these third parties with an illegal undertaking is a direct violation of our Constitutional right to privacy under the 4th Amendment. In addition, there is no "probable cause" as we are not delinquent of dues or assessments warranting any type of action. Also, our privacy was violated through Bujar Ahmeti's false representation of being a "secured creditor" affording him the opportunity to illegally receive notifications regarding our bankruptcy as per his appearance before US Bankruptcy Court making said request.

- This blatant, illegal, unlawful, and unjustified criminal attempt to take illegal possession of our home is a violation of the 4th Amendment of the Constitution of the United States of America also because it is an "unreasonable seizure." The 4th Amendment protects us against unreasonable searches and seizures. This attempt to seize our property with a criminal attempt to take illegal possession is "unreasonable" as we are not delinquent in dues or assessments to warrant such a seizure of our property deeming this action a violation of both criminal and constitutional law.

- They have also violated our rights under the 4th Amendment of the Constitution of the United States by illegally harassing us through the terroristic threatening involving their Notice of Judicial Foreclosure letter. The threatening letter was sent illegally as their

actions involved illegal actions of both a criminal and civil nature. Terroristic threatening is a crime. Threatening to take our home using illegal collection measures is terroristic threatening.

- They have also violated our rights under the 14th Amendment of the Constitution of the United States of America by unlawfully and illegally making a public claim of a false debt. This constitutes a violation of due process of the 14th Amendment of the Constitution of the United States of America. We have a right to due process which was violated when they publicly reported this false debt slandering each of us publicly as individuals. This was also violated when we were not given the proper notice and afforded the proper 30-day period to respond to their debt dispute. Again, the debt is nonexistent as we are no longer liable as per the bankruptcy discharge.

- The actions of AVE and MG further violated our rights to due process under the 14th Amendment as they attempted to accelerate their plight despite its unlawfulness. The foreclosure action was filed and signed on August 17, 2020 and included in a Commencement of Action signed and by Joshua Myers of MG, and then filed in the courts on September 24, 2020. The Notice of Intent to Seize was dated September 3, 2020. They had already begun the action without any type of notice or our ability to earlier defend. In addition, the emails from Christian Webert are evidence of further violation of our right to due process as they continued with their illegal collections when our response to their summons had not even been reviewed by Judge Martinez. Each of these facts are evidence of a lack of due process.

- Because of this blatant attempt to take illegal possession of our property and attempt to overshadow and deny our rights, AVE and MG are each in violation of our inalienable

rights to "life, liberty, and the pursuit of happiness" under the Declaration of Independence of the United States of America. Our family has suffered financial difficulties as many other families have also. As other families have, we have worked hard to regain our stability.

- AVE and MG, in the midst of these illegal actions, have made clear what appears to be a blatant ulterior motive of imposing financial misfortune and loss for our family...and the ultimate ulterior motive of attempting to illegally take possession of our home in the process.

This entire ordeal has caused extreme and undue emotional and mental stress upon my family. This includes Mr. Blake who has severe chronic illness and has suffered severe anxiety since these illegal actions have been taken against us requiring medical treatment. He has never had anxiety before. Our daughter has since suffered two panic attacks. Mrs. Blake has suffered sporadic depressed mood and anxiety since these illegal actions have been taken against us as well as worsened psoriasis caused by stress and insomnia. The emotional and mental impact on our family has been astronomical. In addition, we have suffered an economic impact due to lost time from business, marketing, and building.

**E.      REQUEST FOR RELIEF**

We are officially requesting that a permanent injunction and cease & desist order be issued against Apple Valley East Condominium Association (AVE), Moeller & Graf (MG), any other present or future community management agencies, and any other present or future legal counsel, prohibiting them from any further attempts to seize our home using these grounds of illegal collection of assessments discharged in our Chapter 7 Bankruptcy filed on May 31, 2018 with criminal attempts to take illegal possession of our home.

The permanent injunction and cease & desist order will be consistent with US Bankruptcy Code Section 524 of Title 11 of the United States Code. This is a bankruptcy code which states that a discharge, "operates as an injunction against the commencement or continuation of an action, the employment process, or an act." An injunction under the terms of a bankruptcy is a legal term used which means that no one can take any action against a consumer regarding a discharged debt. Doing so is a violation of a Federal Judge's order. If it is listed in bankruptcy and recorded in discharge, the consumer is no longer liable for the debt. This law prohibits AVE and MG from attempting to seize our home based on assessments which existed pre-petition and were discharged in bankruptcy.

Due to the emotional stress involved in the harassing debt collection practices of both AVE and MG, and the impact that it has had on my family, we are requesting an amount of $8500 in restitution from both companies due to the emotional injury involving the depression and anxiety which Mr. Blake suffered, the physical injury involving the exacerbation of Psoriasis which Mrs. Blake suffered as a result of the emotional stress, and the violation of our protection under the "least sophisticated consumer" standard with the harassing actions and communications.

Due to the extreme violation of multiple Federal, Civil, and Constitutional rights, we are requesting an amount of $3,000,000 and no less than $1,500,000 dollars from both Moeller Graf, PC and Apple Valley East Condominium Association, Inc. due to potential future damage of our personal and professional reputation with public listing of falsified debt, the violation of our privacy, the violation of protection against unreasonable seizures and the terroristic threatening that it entailed, the violation of our right to due process, and the extreme emotional stress involved with this entire ordeal.

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*[signature]*
Dana Morris-Blake

*[signature]*
Kenyatta Blake

1/13/21
Date

(Form Revised December 2017)