## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-00105-DDD-NRN

Dana Morris-Blake, Plaintiff

v.

Apple Valley East Condominium Association, Inc.,

Defendant

Moeller Graf, PC,

Co-Defendant

## AMENDED COMPLAINT SUBMITTED PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE RULE 15(a)(1)(B)

**A.   PLAINTIFFS INFORMATION**

Dana Morris-Blake
91 Newark Street, Unit D, Aurora, CO 80012

Telephone number: 720-525-7037.  Email Address: dmbauthor@gmail.com

**B.   DEFENDANT(S) INFORMATION**

Defendant 1:   Apple Valley East Condominium Association, Inc., hereinafter referred to as "AVE"
3190 S. Vaughn Way, Suite 550, Aurora, CO 80012

Telephone number: 720-571-1440, No email address known.

Defendant 2:   Moeller Graf, PC, hereinafter referred to as "MG"
385 Inverness Parkway, Suite 200, Englewood, CO 80112

Telephone number: 720-279-2568, No company email address known.

### C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

1. US Bankruptcy Code - Section 524 of Title 11 of the United States Code
2. Federal Fair Debt Collections Practice Act of the Federal Trade Commission
3. The Right to Privacy under the 4th Amendment of the Constitution of the United States
4. The Protection Against Illegal Search and Seizures under the 4th Amendment of the Constitution of the United States
5. Threatening under the 4th Amendment of the Constitution of the United States
6. The Right to Due Process under the 14th Amendment of the Constitution of the United States
7. The Inalienable Rights of the Declaration of Independence
8. Colorado Rules of Professional Conduct as Adopted by the US District Court of Colorado.
9. Federal False Statement Statute

**N/A**    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**D.    STATEMENT OF CLAIM(S)**

CLAIM ONE:

Moeller Graf, PC (MG) and Apple Valley East Condominium Association, Inc. (AVE) have engaged in activity attempting to take illegal possession of the Plaintiff's property located at 91 Newark Street, Unit D, Aurora, CO  80012 based on what they claim to be "unpaid pre-petition assessments" in the amount of $8,020.40.  Moeller Graf, PC is an attorney firm hired by AVE for debt collection.   We filed a joint Chapter 7 Bankruptcy on 5/31/18.  The bankruptcy was successful.  Moeller Graf, PC was directly notified of the same and also acknowledged the same in a letter dated 12/4/18.  AVE was listed in the bankruptcy discharge; which carries a permanent injunction.  This discharge injunction prohibits creditors from pursuing amounts discharged in bankruptcy.

On or about August 17, 2020, Apple Valley East Condominium Association, Inc. signed a resolution for foreclosure action based on the amount discharged in bankruptcy.   On or about September 3, 2020, Moeller Graf, PC sent to Plaintiff a Notice of Intent to Seize Property Under Judicial Foreclosure.  On or about September 24, 2020, Moeller Graf, PC filed a commencement of action for foreclosure and request for Sheriff's sale to seize the property.  A summons was served to Plaintiff on October 12, 2020 to respond to the request for Sheriff's Sale based on what they claim to be "unpaid pre-petition assessments."    These actions are a violation of the bankruptcy discharge injunction.

As per the Supreme Court of the United States ruling in the case of Taggart v. Lorenzen, it is the opinion of the SCOTUS that all debts are discharged unless they are a debt listed as exempt from discharge under Section 523.  This debt is not listed as exempt from discharge.  The

Debtor must prove a violation by showing clear and convincing evidence that the Creditor/Debt Collector violated a specific and definite order of the court. This evidence must instantly tilt the evidentiary scales in the affirmative when weighed against the evidence.

The bankruptcy discharge order which was directly delivered to the Defendants is the order of the court which has been violated. Apple Valley East Condominium Association, Inc. is clearly listed on the bankruptcy discharge order. Moeller Graf, PC is clearly listed as a recipient of the bankruptcy discharge order. The Plaintiff has presented "clear and convincing evidence" that "instantly tilts the evidentiary scales in the affirmative when weighed against the evidence" as per the ruling of the Supreme Court.

In applying Taggart v. Lorenzen for this consumer case, there are two things to examine: the test of reasonable doubt as per the standard set by SCOTUS and when the payment default occurred.

In regards to the test of reasonable doubt, is there reasonable doubt that the Creditor/Debt Collector violated a definite court order? There is no doubt at all that the Defendants violated a definite court order. They have violated that bankruptcy discharge order through their actions in attempting to collect debt discharged in bankruptcy.

In regards to when the payment default occurred, it is clear that the amount was owed prior to May 31, 2018 when the Plaintiff filed Chapter 7 Bankruptcy. Because AVE was listed in that discharge order, the amount was discharged with a permanent injunction placed over that debt. The Plaintiff is no longer responsible for the debt. The Creditor/Debt Collector is prohibited from attempting to collect that debt whether directly or through a lawsuit. In this case, the Defendants have used the attempt to seize the property owned by the Plaintiff using that pre-petition amount in an attempt to not only collect that debt, but also take illegal possession of

the Plaintiff's home as per the request for Sheriff's sale which was filed in 18th Judicial Court of Colorado.

This complaint filing is consistent with US Bankruptcy Code Section 524 of Title 11 of the United States Code.  This is a bankruptcy code which states that a discharge, "operates as an injunction against the commencement or continuation of an action, the employment process, or an act."  An injunction under the terms of a bankruptcy is a legal term used which means that no one can take any action against a consumer regarding a discharged debt.  Per the law, this includes the filing of any lawsuit attempting to collect a debt discharged in bankruptcy.  Doing so is a violation of a Federal Judge's order.  If it is listed in bankruptcy and recorded in discharge, the consumer is no longer liable for the debt.

The bankruptcy discharge injunction exists as per Title 11 U.S. Code 524 (a)(2) which specifies the permanent injunction.  This concurrently aligns with the ruling in the case of Hardy, 97 F. 3d, at 1390.  It was ruled that a discharge relieves a debtor "from all debts that arose before the date of the order for relief."   The ruling of the Supreme Court of the United States further reiterates this in its own ruling of 2019 in Taggart v. Lorenzen.  The Defendants have clearly violated the order of the court by violating the bankruptcy discharge with their unlawful and illegal actions.

In the case of Local Loan Co. v. Hunt, it is the opinion of the Supreme Court of the United States, "That such an assignment, even if a lien under the state law, should survive the discharge of the debt in bankruptcy, would be contrary to the policy of the Bankruptcy Act to free the debtor; and so it must be held, where the suit is ancillary in the bankruptcy court to enforce the discharge, though the decisions of the state court be to the contrary. P. 244. 67 F.2d 998, affirmed."  The State does and must honor a bankruptcy discharge and its associated

injunction. This Supreme Court ruling further deems the State Action involving the statutory lien based on "unpaid pre-petition assessments" claimed by the Defendants as illegal and unlawful; thus null and void as well as unenforceable and avoided.

https://casetext.com/case/local-loan-co-v-hunt.

Title II U.S. Code 1692 § 522 Exemptions "Unless the case is dismissed, property exempted under these sections is not liable during or after the case for any debt of debtor that arose or that is determined under 502 of this title as if such had arisen, before the commencement of the case except - (2) A debt secured by a lien that is not avoided under subsection (f)(3)." Subsection (f)(3) states, "In a case in which State law that is applicable to the debtor…(b) either permits the debtor to claimed exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property, or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property."  "…the debtor may not avoid the fixing of a lien on an interest of a debtor or  a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase money security interest in implements, professional books, or tools of the trade of the debtor or a dependent of the debtor, or farm animals, or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, or crops exceeds $5000."

None of these apply to the Plaintiff. The Chapter 7 Bankruptcy was successful; not dismissed.  Therefore, we avoid any type of lien involving bankruptcy per these specific State guidelines outlined in the Bankruptcy Code.  The said statutory lien is unlawful, avoided, and unenforceable; based on the bankruptcy discharge injunction, bankruptcy code exemptions

mentioned herein, and rulings of the Supreme Court of the United States which supersede any Local, State, or Federal rulings.

The statutory lien claimed by AVE does not survive bankruptcy, is avoided, and is unenforceable. The actions and proceedings of the defendants in their attempt to illegally seize and foreclose via Sheriff's sale on our property located at 91 Newark Street, Unit D,  Aurora, CO 80012 through illegal collection of debt discharged in Chapter 7 Bankruptcy Case No. 18-14724-MER are illegal.  See Exhibit ECF No. 1, No. 1-1, No. 1-2, and No. 1-3.  Both defendants were served via waiver.  See Exhibit ECF No. 26 through No. 40.  In filing of the request for Sheriff's sale, the amount referenced as owed is the amount actually discharged in bankruptcy.  See Exhibit ECF No. 10, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, and 10-7.

Foreclosure action is only justified in the event of either delinquency of a mortgage with a bank/lender or delinquency of dues and assessments of an HOA.   We are not delinquent in dues or assessments with AVE and have not been since December, 2019.  We are not delinquent in our mortgage with Flagstar Bank.  A Sheriff's sale of any property due to foreclosure is only valid in the event of delinquent HOA dues/assessments or default on mortgage.  See Exhibit ECF No. 14, No. 14-1, No. 15, No. 17, No. 17-1, No. 17-2, and No. 17-3.

In fact, upon satisfying payment to eliminate our delinquency in December, 2019, we received an email from David Parker of Moeller & Graf officially acknowledging that collections have been fulfilled.   In addition, Moeller & Graf filed a Satisfaction of Judgment with Arapahoe County Court on April 6, 2020 further acknowledging the same.  Beyond May 31, 2018 upon filing of our Chapter 7 Bankruptcy, there are no assessments or statutory liens noted in the said amount involving the summons in any correspondence or ledgers.  See Exhibit ECF No. 2, No. 3, No. 5, No. 6, No. 7, No. 8, and No. 13.

Due to these facts, the following holds true:

AVE cannot claim a "Super Lien." Colorado HOA law states that a super lien can only be imposed for assessments due within six months of the filing of the foreclosure action. We have had no delinquencies of dues or assessments for the entire year and definitely not over the six months prior to their filing of foreclosure. Per Colo.Rev.Stat § 38-33.3-316(2)(b), "In Colorado, an HOA gets a super lien in an amount equal to the common expense assessments which would have come due during a six-month perior before the HOA or a lender with a senior lien starts a foreclosure action." This means that AVE has a super lien amount of zero. The amount referenced in the summons is an amount due prior to filing bankruptcy on 5/31/18. See Exhibits ECF No. 18, No. 19, and No. 20.

CLAIM TWO:

This is a blatant criminal attempt to take illegal possession of the property. An attempt to illegally take possession of someone's property constitutes Attempted Theft. Attempted theft is a criminal act and punishable by law.

An actual act of theft does involve not only knowingly obtaining control over the owner's property without authorization, but also doing so with the specific intent to permanently deprive the owner of property. The actions of the Defendants constitute an "attempt" of Theft, which is punishable by law pursuant to C.R.S. § 18-4-405. The Plaintiff seeks relief to prevent this action from becoming successful. They are attempting to obtain property through illegal means and as per their violation of the bankruptcy discharge injunction; an overt violation of a Federal Judge's order, and a direct violation of the two Supreme Court rulings of Taggart v. Lorenzen and Local Loan Co. v. Hunt as previously shown. Evidentiary documents show proof of attempted

commission through the actions of the Defendants.  Plaintiff is not claiming that "theft" has already occurred, but rather citing an "attempt" and seeking relief for protection from the same.

Their claim of having carried a statutory lien since the time of our filing of bankruptcy is illegal, null, and void for the following reasons:

- The Chapter 7 Bankruptcy was filed on May 31, 2018, not June 1, 2018.

- Under US Bankruptcy Code, only a secured lien can be enforceable after bankruptcy discharge.   This lien in question is not secured as it does not involve any type of mortgage, personal loan, credit card, or other line of credit.   AVE has no ownership of the property of any type and the claimed amount referenced in the summons is no longer owed as per bankruptcy discharge.

- AVE is listed in our bankruptcy discharge.  See Exhibit ECF No. 1.  The said amount contained in the Summons is a pre-petition amount discharged in bankruptcy.  As per Section 524 of Title 11 of the United States Code and the Supreme Court ruling in Taggart v. Lorenzen, we are not liable for debts discharged in bankruptcy.

- Furthermore, Bejar Ahmehti appeared before the Bankruptcy Court in July, 2018.  As per the document which we received, he presented as appearing on behalf of AVE referencing AVE as a "secured creditor."  He perjured himself before the US Bankruptcy Court.  AVE  is not a "secured creditor."  A "secured  creditor" is defined as "any creditor or vendor with issuance of a credit product that is backed by collateral…" (www.investopedia.com).  The amount in question does not involve mortgage or personal loans, credit cards, financial products, or other lines of credit.  Having made such a false representation of AVE being a "secured creditor," Mr. Ahmeti has violated the Federal False Statement Statute 18 U.S.C. Section 1001.  In addition, he has violated the Federal

Debt Collections Practice Act of 15 U.S.C. Section 1692; which prohibits "intrusive or deceptive practices when collecting debts."

- In a letter from MG dated December 4, 2018, it is acknowledged Plaintiff successfully filed Chapter 7 Bankruptcy on May 31, 2018. It is further acknowledged in that letter that Plaintiff is "no longer liable for the pre-petition amount," but still liable for future assessments. Despite this acknowledgement, they contradicted themselves by claiming in the Summons that we filed bankruptcy on 6/1/18. MG contradicted themselves by claiming that the Pre-Petition Lien that was not discharged when AVE was in fact listed in bankruptcy discharge. In addition, the lack of recording of the same amount in future property ledgers and correspondence after May 31, 2018 is further acknowledgment that Plaintiff is no longer liable for the pre-petition amount.

Filing bankruptcy is a Constitutional right under Article I, Section 8, Clause 4 of the U.S. Constitution; having existed in some way since the Bankruptcy Act of 1800. In the case of Cent. Va. Cmty College v. Katz U.S. 356, 370 (2006), it was determined that "its primary purpose has long been to relieve the honest debtor from the weight of the oppressive indebtedness and permit him to start afresh free from the obligations and consequences upon business misfortunes." The violation of the discharge injunction of the Chapter 7 Bankruptcy by the Defendants inhibits the right of the Plaintiff to "start afresh" as per the ruling.

As per 11 U.S. Code § 545 (1)(f) regarding statutory liens, the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien - (1)first becomes effective against the debtor (f) "at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such lien." The Plaintiff avoids the fixing of

the statutory lien as it was levied by Moeller Graf, PC; an entity other than the holder of the statutory lien which is Apple Valley East Condominium Association, Inc.

In the case of Simmons v. Roundup Funding, LLC, 622 F. 3d 93, 96 (2 d Cir 2010), it was held that "the FDCPA is designed to protect defensiveness debtors and to give them remedies against abuse by creditors."   In the case of Local Loan Co. vs. Hunt, 292, U.S. 234, 244 (1934), it was ruled that the FDCPA itself was enacted in 1977 "due to abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors that contribute to the number of personal bankruptcies." These actions of the Defending parties are in fact abusive, deceptive, and unfair debt collection practices.  Because the pre-petition amount was discharged in bankruptcy, the Plaintiff is no longer liable.  Their actions are abusive and deceptive because they proceeded with these illegal and unlawful actions despite awareness of the bankruptcy discharge.   These actions were taken with direct knowledge of the successful bankruptcy.

As per Title 11 US Code §  524 (a)(1) that, in both Chapter 7 and Chapter 13 cases, the discharge automatically voids any judgment obtained at any time to the extent such judgment is a determination of a debtors personal liability on a discharged debt.  This includes a judgment obtained both before and after the bankruptcy.   Title 11 US Code§  524 (a)(2) specifies that a discharge order acts as an injunction.   In the case of Hall v. Hall 524 U.S., "When a statutory term is "obviously transplanted from another legal source," it "brings old soil with it."

In the case of In re Hardy, 97 F. 3d, at 1390, a violation of discharge injunction involves both the creditor being "aware of the discharge" and that the creditor "intended the actions which violated it." The Defendants were clearly aware and actions which violated the discharge injunction were intended.  In addition, it was ruled that a discharge order relieves a debtor "from

all debts that arose before the date of the order of relief." It operates as an injunction that bars creditors from collecting any debt that has been discharged. This is a fact as per Title 11 US Code § 524 (a)(2) as well. The Plaintiff is no longer liable for the pre-petition assessment amount, but the Defendants continue to pursue illegal possession of the property based on the amount.

As per 11 U.S. Code§ 549(a)(1) regarding postpetition transactions, "(a) Except as provided in subsection (b) or (c)of this section, the trustee may avoid a transfer of the property of the estate - (1) that occurs after the commencement of the case. As per 11 U.S. Code § 549 (d)(2), (d) "An action or proceeding may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided or (2) the time the case is closed." The bankruptcy discharge was officially filed on September 8, 2018. September 8, 2019 marked the one year statute of limitations for revocation of a bankruptcy discharge. The two-year limitation as per this statute expired as of September 8, 2020. Thus, the filing of the Commencement of Action on September 24, 2020 is beyond this two-year post-petition transaction rule.

As per 11 US Code § 506 (d) (1) (2) regarding determination of secured status, "To the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such a lien is void unless: (1) such claim is disallowed only under Section 502(b)(5) or Section 502(d) at this time, or (2) "such claim is not an allowed secure claim due only to the failure of any entity to file proof of such claim under section 501 of this title." The lien is void as section 502 doesn't apply and the claim is not an allowed secured claim due to the existence of more factors than a simple failure to file proof of such claim.

CLAIM THREE:

Both AVE and MG have violated the Fair Debt Collections Practices Act (FDCPA); which is overseen by The Federal Trade Commission.   Despite acting as an Attorney representing AVE, MG has been hired by AVE for debt collection.  As per the FDCPA, MG is considered a debt collector as they are involved in debt collection.  As a debt collector, MG is bound by FDCPA rule.  In the case of Fuller v. Becker & Poliakoff, 192 F Supp. 2d 1361 (CMC Fla. 2002), the court held that homeowner association attorneys who "regularly collect or attempt to collect debts are debt collectors for the purposes of FDCPA."  Therefore, attorneys who regularly engage in collection activities on behalf of homeowners associations are "debt collectors" subject to the requirements of the FDCPA.

Furthermore, under 15 USC § 1692a(6),  AVE is considered to be a debt collector under its exceptions.  A creditor, "who, in the process of collecting his own debts, uses any name other than his own which would indicate a third person is collecting or attempting to collect such debts, may be considered a "debt collector" under the FDCPA.  This deems AVE subject to the requirements of FDCPA as well.  MG is not an employee of AVE, thus the exclusion of "any officer or employee of a creditor while in the name of creditor, collecting debts for such creditor" does not apply.  MG is a third party collecting or attempting to collect debt for AVE and with that sole purpose.  AVE is collecting a debt using a third party and under the name of that party.  This deems AVE a debt collector as per that section of the Act and equally responsible for these violations of debt collection practices.

FDCPA prohibits debt collectors from using intrusive or deceptive practice when collecting debts.  Both AVE and MG have used their State action and attempt to seize our property as a way to illegally collect this debt which has been discharged in bankruptcy.  They have filed a lawsuit with the intention of collecting a debt which is prohibited per FDCPA

statute.   In the process, they are calling it a "pre-petition lien" with the underlying purpose of attempting to take illegal possession of our property.   This is evident as per 15 U.S.C. § 1692 and the following:

- That statute prohibits them from attempting to collect any amount not authorized by law.

- Cannot threaten suit, garnishment, or seizure of property without legal ability to do so. Legally, plaintiff does owe the amount as per the permanent injunction.

- Cannot report or threaten to report false credit information.   The summons filed contained false information as the $8,020.40 amount was discharged in bankruptcy despite claims that we still owe.  AVE and MG were notified and well-aware of the bankruptcy. They claim that the bankruptcy was filed on June 1, 2018 when in fact it was filed on May 31, 2018.

- It is required that a notice of collection be sent to debtors advising them of pending action. We did not receive a notice of collection of the pre-petition amount allowing us the 30-day required time to respond.  AVE signed the resolution on August 17, 2020. Moeller Graf PC sent the Notice of Judicial foreclosure on September 3, 2020.  Joshua Myers of Moeller Graf signed a commencement of action which included the foreclosure action and filed it with the court on September 24, 2020. This is a 21-day time period. We were served a summons with the resolution and commencement of action on October 12, 2020.  Neither AVE nor MG in their collection efforts sent any notices to us prior to these foreclosure activities as required per the following:  15 USC § 1692(11), 15 USC § 1692(a)(1), 15 USC §1692 g(a)(2), 15 USC § 1692g(a)(3), 15 USC §1692g(a)(4), and 15 USC § 1692g(a)(5).

- It is prohibited to discuss debt with third parties without the consent of debtors. The summons shows three other parties included in this effort. This is a completely illegal effort. Thus, this action of including third parties is a violation of this Act. Per subsection   805 involving "Communication with third parties,"  "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Despite this law, the Defendant's have involved third parties in their State Action. The violation of the FDCPA statute is a direct infringement of the Plaintiff's Right to Privacy.

- They are prohibited from making false representations about the character and legal status of the debt. This debt is not secured despite Bujar Ahmeti presented AVE to the US Bankruptcy Court in July, 2018 as a secured creditor. It does not involve any type of issuance of a credit product backed by collateral. There was also false representation in the Summons with the claim of our filing bankruptcy on 6/1/18 when we actually filed on 5/31/18.

- The language of both the Summons submitted by Joshua Myers and Bejar Ahmeti and the Notice of Judicial Foreclosure submitted by Joshua Myers attempt to overshadow and deny our rights. This is a violation of the "Least Sophisticated Consumer" standard of the FDCPA. AVE and MG have also violated this standard in their blatant attempt to overshadow and take away our rights under the US Bankruptcy code. The attempt of

both MG and AVE to disguise their collection of the discharged debt while at the same time attempting to take illegal possession of our property is also a violation of the "Least Sophisticated Consumer" standard of the FDCPA per 15 USC § 1692e.

- There has also been a violation of 15 USC § 1692 subsection 806 regarding "Harrassment or abuse." The harassing emails from J. Christian Webert also known as "Christian Webert" per correspondence are a violation of the "Least Sophisticated Consumer" standard. We were being pressured to state "how (we) intend to proceed with our Verification of Rule 120 response. However, according to the Verification of Rule 120 rules, a Judge must review our response under that rule and make a decision. This action was still pending at the time of the harassing emails as no ruling had been made at that time. They attempted once again to overshadow our rights.

- MG and AVE have violated 15 US Code 1692 under subsection 808 (6)(A) "Unfair practices." "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: there is no present right to possession of the property claimed as collateral through an enforceable security interest." They have violated this rule by involving other defendants who have no enforceable security interest. They involved other entities through which we have no enforceable security interest issues or problems.

- MG and AVE have violated FDCPA under Section 809 (b) "Validation of Debts." They violated this rule by failing to provide notice of the disputed debt with a 30-day period to respond before any action. They are required to do this prior to any action for any disputed debt. We were not afforded the opportunity to dispute their claim prior to any

foreclosure action being initiated.   AVE could have followed this regulation prior to the foreclosure resolution signed and prior to involving MG.

- MG and AVE have violated FDCPA under "Communication with Third Parties"  This section allows such communication "...as reasonably necessary to effectuate a post-judgment judicial remedy."  However, because they were aware of the amount being discharged in bankruptcy with collection prohibited, their action to include third parties is a violation.  It isn't justified because their action alone is illegal and prohibited.

- MG and AVE have violated FDCPA under (d) Legal Pleadings.   A communication in the form of a pleading in a civil action shall not be treated as an initial communication for the purposes of subsection (a).   Their violation lies in their failure to follow the Validation of Debts procedure.

- MG has violated FDCPA under Section 811 (a) (1)- "Legal Actions By Debt Collectors - Venue."  "in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a Judicial district or similar entity in which such real property is located."   They did use the proper venue, but their action taken in that venue was illegal as they were aware of the debt being discharged in bankruptcy with a permanent injunction.   There was no consumer obligation justifying their action as we were no longer responsible for that debt which was discharged in bankruptcy.

CLAIM FOUR:

In the midst of their illegal actions, MG has violated multiple Colorado Rules of Professional Conduct for Attorneys.  The US District Court for the District of Colorado adopts the Colorado Rules of Professional Conduct for Attorneys.   These violations are as follows:

As per "Client-Lawyer Relationship"- "A lawyer shall not counsel to engage, or assist a client in **conduct that the lawyer knows is criminal or fraudulent**, but a lawyer may discuss the legal consequences of any proposed cause of conduct with a client and may counsel or assist a client to make good faith effort to determine the validity, scope, meaning, or application of law."

Not only was MG notified of our bankruptcy discharge and made aware of AVE being included in that discharge, MG also acknowledged that that discharge was successful.  Knowing that this action was "criminal and fraudulent," MG proceeded with illegal debt collection actions violating the Bankruptcy Code and the Federal Judge's order.   They cannot claim to have been simply helping or assisting a client. Clearly, MG has been assisting AVE with and engaging in criminal and fraudulent activity breaking the law themselves.

As per "Client-Lawyer Relationship" - under "Competence" and "Thoroughness and Preparation - Competent Handling" respectively -  "A lawyer can provide adequate representation in a wholly novel field through necessary study" and "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem"

MG cannot claim having limited knowledge of the factual and legal elements as they could have engaged in their own study of US Bankruptcy code and FDCPA.  Even if MG had not performed their own study, they were advised upon being served our response to their Colorado 18th Judicial Court summons under Verification of Rule 120, which contained detailed information nearly mirroring the information contained in this very motion.   Nonetheless, they continued with their illegal collection efforts well aware of our desire for them to cease and desist.

Plaintiff seeks the relief based on these facts in further demonstrating the illegal activity of MG in its actions involving the State action. Orders to protect Plaintiff against these violations of the Colorado Attorney Rules for Professional Conduct are necessary as part of the need to prevent the success of this attempt to take illegal possession of the property.

CLAIM FIVE:

In addition, and as a violation of multiple Federal laws, regulations, and statutes, this foreclosure action, illegal collection of debt, and criminal attempt to take illegal possession of our home is a blatant infringement of our Constitutional rights as Citizens of the United States of America and with multiple counts:

Embarking upon an obvious investigation and involving third parties is a direct violation of privacy. As per the 4th Amendment of the Constitution of the United States of America, we have a right to privacy. The right to privacy is part of the Fourth Amendment to the **US Constitution**, which states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." Their action to involve these third parties with an illegal undertaking is a direct violation of our Constitutional right to privacy under the 4th Amendment. In addition, there is no "probable cause" as we are not delinquent of dues or assessments warranting any type of action. Also, our privacy was violated through Bujar Ahmeti's false representation of being a "secured creditor" affording him the opportunity to illegally receive notifications regarding our bankruptcy as per his appearance before US Bankruptcy Court making said request.

This blatant, illegal, unlawful, and unjustified criminal attempt to take illegal possession of our home is a violation of the 4th Amendment of the Constitution of the United States of

America also because it is an "unreasonable seizure."  The 4th Amendment protects us against unreasonable searches and seizures.  This attempt to seize our property with a criminal attempt to take illegal possession is "unreasonable" as we are not delinquent in dues or assessments to warrant such a seizure of our property deeming this action a violation of both criminal and constitutional law.

They have also violated our rights under the 4th Amendment of the Constitution of the United States by illegally harassing us through the terroristic threatening involving their Notice of Judicial Foreclosure letter.  The threatening letter was sent illegally as their actions involved illegal actions of both a criminal and civil nature.  Terroristic threatening is a crime.  Threatening to take our home using illegal collection measures is terroristic threatening.

They have also violated our rights under the 14th Amendment of the Constitution of the United States of America by unlawfully and illegally making a public claim of a false debt.  This constitutes a violation of due process of the 14th Amendment of the Constitution of the United States of America.  We have a right to due process which was violated when they publicly reported this false debt slandering each of us publicly as individuals.  This was also violated when we were not given the proper notice and afforded the proper 30-day period to respond to their debt dispute. Again, the debt is nonexistent as we are no longer liable as per the bankruptcy discharge.

The actions of AVE and MG further violated our rights to due process under the 14th Amendment as they attempted to accelerate their plight despite its unlawfulness.  The foreclosure action was filed and signed on August 17, 2020 and included in a Commencement of Action signed and by Joshua Myers of MG, and then filed in the courts on September 24, 2020.   The Notice of Intent to Seize was dated September 3, 2020.  They had already begun the action

without any type of notice or our ability to earlier defend.  In addition, the emails from Christian

Webert are evidence of further violation of our right to due process as they continued with their

illegal collections when our response to their summons had not even been reviewed by Judge

Martinez.  Each of these facts are evidence of a lack of due process.

Corporations, having been designated as "persons" under various aspects of the law, are

protected from governmental entities under the Bill of Rights and per due process and equal

protection.  The Bill of Rights applies only to governmental entities, not private individuals or

corporations.  Corporations are not immune from the legal actions of private individuals and

corporations involving their own wrongdoing and violations of the law.

Thus, corporations can be held accountable when violations of the law involve the

infringement of Constitutional Rights.  They are subject to lawsuits for their wrongdoing and to

held accountable for violations of rights of private citizens and in non-governmental matters.

The U.S. Federal Court does hear issues involving Constitutional rights.  The matter of

their violation of the Constitutional rights of the Plaintiff is appropriate under this Court.  Due

Process and Equal Protection will protect Corporations from misconduct of Local, State and

Federal Governments.  They are not protected from Citizens who sue them based on their

wrongdoing and misconduct.   https://law.jrank.org/pages/9429/Privileges-Immunities.html

Individuals have the "Right to Sue" as per the Privileges and Immunities Clause of

Article IV of the U.S. Constitution and the Fourteenth Amendment.  The privileges and

immunities that are protected under Article IV include "the right to receive protection from state

government; the right to acquire and possess all kinds of property; the right to travel through or

reside in any state for purposes of trade, agriculture, or professional endeavors; the right to claim

the benefit of the writ of HABEAS CORPUS; the right to sue and defend actions in court; and the right to receive the same tax treatment as that of the citizens of the taxing state."

https://law.jrank.org/pages/9429/Privileges-Immunities.html

Furthermore, the Comity Clause of the Fourteenth Amendment does not extend the designation of "persons" to corporations.   "In contradistinction to the Supreme Court's approach under the Fourteenth Amendment of treating humans and corporations as functional equivalents, under the Comity Clause the Court has not extended corporations "citizenship." The Supreme Court's holding that corporations are not covered by the Comity Clause traces back to *Bank of Augusta v. Earle*, 38 U.S. 519, 587 (1839), where the Court concluded that "[t]he only rights [a corporation] can claim are the rights which are given to it in that character, and not the rights which belong to its members as citizens of a state." (Also note that "corporations are neither persons nor partners, but artificial bodies politic, created by act of state, always ad hoc, and their franchises are granted for public good, of which they are the supposed instruments.") This central holding has been reaffirmed repeatedly by the Supreme Court."

https://www.americanbar.org/groups/crsj/publications/human_rights_magazine_home/we-the-people/we-the-people-corporations/

CLAIM SIX:

This entire ordeal has caused extreme and undue emotional and mental stress upon the Plaintiff leading to physical illness.  In addition, the Plaintiff has suffered an economic impact due to lost time from business, marketing, and building.   The Plaintiff seeks relief for monetary compensation for these economic and non-economic general damages and as per Title 11 U.S. Code § 363 (k)(1), the bankruptcy code provides for a willful violation that an injured consumer

shall recover actual damages, costs, and attorney fees and where appropriate punitive damages and including "emotional distress" as per Taggart v. Lorenzen.

**E.     REQUEST FOR RELIEF**

We are officially requesting that a permanent injunction and cease & desist order be issued against  Apple Valley East Condominium Association (AVE), Moeller & Graf (MG), any other present or future community management agencies, and any other present or future legal counsel,  prohibiting them from any further attempts to seize our home using these grounds of illegal collection of assessments discharged in our Chapter 7 Bankruptcy filed on May 31, 2018 with criminal attempts to take illegal possession of our home.

For the impact that it has had on my family, we are requesting an amount of $8500 in restitution from both companies due to the emotional injury involving the depression and anxiety which Mr. Blake suffered, the physical injury involving the exacerbation of Psoriasis which Mrs. Blake suffered as a result of the emotional stress, and the new diagnosis of elevated blood pressure caused by stress and anxiety which is uncontrolled and requires new medication, and the violation of our protection under the "least sophisticated consumer" standard with the harassing actions and communications.  See Exhibit ECF No. 21, No. 22, No 23, No. 24, and No. 25.

Due to the extreme violation of multiple Federal, Civil, and Constitutional rights, we are requesting an amount of $3,000,000 and no less than $1,500,000 dollars from both Moeller Graf, PC and Apple Valley East Condominium Association,  Inc. due to potential future damage of our personal and professional reputation with public listing of falsified debt, the violation of our privacy, the violation of protection against unreasonable seizures and the terroristic threatening

that it entailed, the violation of our right to due process, and the extreme physical, emotional, and mental stress involved with this entire ordeal.

## F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dana Morris-Blake

4/25/21
Date

(Form Revised December 2017)